UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK D'ASERO, EZEKIEL MOHAMMED, POURIA SAFABAKHSH, JOSEPH CUGLIARI, JR., ANGELA RICHARDSON, BRIAN JOHANSON and BRENDAN DWYER, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOME LOAN CENTER, INC. dba LENDING TREE LOANS, a California corporation, LENDING TREE, LLC, a Delaware limited liability company, LENDING TREE, INC., a Delaware corporation, IAC/INTERACTIVE CORP, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. SACV 08-0384 RSWL (JWJx)<br><br>Judge:    Ronald S. W. Lew<br>Courtroom:    21<br><br>**ORDER:**<br><br>**(1)    CONDITIONALLY CERTIFYING SETTLEMENT CLASSES;**<br>**(2)    PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT;**<br>**(3)    DIRECTING DISTRIBUTION OF CLASS NOTICE AND OPPORTUNITY TO BE EXCLUDED FROM OR OBJECT TO SETTLEMENT; AND**<br>**(4)    SETTING A HEARING FOR FINAL APPROVAL OF THE SETTLEMENT**<br><br>**DATE: December 08, 2008**<br>**TIME:    9:00 a.m.**<br>**COURTROOM:  21** |

This action is pending before this Court as a class action pursuant to FRCP 23. Representative Plaintiffs Frank D'Asero, Ezekiel Mohammed, Pouria Safabakhsh, Joseph Cugliari, Jr., Angela Richardson, Brian Johanson, and Brendan Dwyer (collectively "Plaintiffs"), on behalf of themselves and seven subclasses of similarly situated current and former employees of Defendants Home Loan Center, Inc. dba Lending Tree Loans, Lending Tree, LLC, Lending Tree, Inc., and IAC/InterActive Corp. (collectively "Defendants"), have alleged in the above-captioned action that Defendants required or knowingly permitted Plaintiffs and their Mortgage Banker, Loan Processor, Funder and Underwriter employees in California and North Carolina to work substantial overtime hours without properly paying overtime compensation for all such overtime hours; that Defendants failed to afford, enforce, self-police, or affirmatively ensure the taking of lawful and "bona fide" duty-free meal break periods; that Defendants made unlawful and unauthorized deductions from the earned wages of Plaintiffs and the Class Members; that Defendants failed to indemnify the California-based Plaintiffs and Class Members for necessary business-related expenses incurred in the course and scope of their employment; that Defendants failed to pay Plaintiffs and the Class Members all earned overtime compensation, wages for missed meal break periods, and unauthorized deductions from earned wages in a timely manner upon separation of employment; and that Defendants failed to furnish the California-based Plaintiffs and Class Members proper itemized wage statements.

The operative second amended complaint in this matter asserts the following claims for relief: (1) failure to pay overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 211(c) and 216(b); (2) failure to pay overtime under California Labor Code §§ 510 and 1194; (3) failure to provide meal breaks under California Labor Code §§ 226.7 and 512; (4) unauthorized wage deductions and failure to indemnify business expenses under California Labor Code §§ 221, 450, and 2802; (5) unauthorized wage deductions under North Carolina General Statute

§§ 95-25.8 and 95-25.22; (6) failure to timely pay wages under California Labor Code §§ 201-203; (7) failure to timely pay wages under North Carolina General Statute §§ 95-25.7 and 95-25.22; (8) failure to provide itemized wage statements under California Labor Code § 226; (9) unfair and unlawful business practices under California Business and Professions Code §§ 17200-17208 ("UCL"); and (10) civil penalties under the California Private Attorney General Act of 2004 ("PAGA"), California Labor Code §§ 2699 *et seq.* Defendants have denied all allegations and have at all times maintained that they complied with all applicable California, North Carolina and federal wage and hour laws.

Plaintiffs and Defendants have reached a proposed Settlement of the action and now apply to this Court for an Order preliminarily approving the Settlement of the action in accordance with the Joint Stipulation of Settlement and Release between Plaintiffs and Defendants which sets forth the terms and conditions for Settlement. The Joint Stipulation of Settlement and Release ("Settlement") is attached to this Order as Exhibit 1. Plaintiffs and Defendants have requested preliminary approval of the Settlement.

Having read and considered the Settlement and the moving papers, including the proposed form of Notice of Settlement to be used in notifying class members of their rights and obligations under the Settlement, the memorandum of points and authorities in support of the Motion for Preliminary Approval and the Declarations of counsel submitted therewith, and having heard and considered the oral presentations of counsel for the parties at the hearing on this matter held on December 10, 2008, the Court hereby makes the following Order:

1. This Order incorporates by reference the definitions in the Settlement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement.

2. The Court hereby conditionally certifies the Settlement Subclasses as described in paragraph 1.15 of the Settlement and in paragraph 5 of this Order for

1  settlement purposes.  The Court finds that the Settlement Subclasses meet the
2  ascertainability and numerosity requirements because the members of the
3  Settlement Subclasses are reasonably identifiable through Defendants' business
4  records and the total number of putative members of the Settlement Subclasses
5  renders their joinder impracticable.  The commonality requirement is also met since
6  the members of the Settlement Subclasses have been subjected to the same alleged
7  employment violations and have suffered the same type of alleged harm.  The legal
8  and factual issues common to the members of the Settlement Subclasses
9  predominate over individual issues.  The claims of the Class Representatives are
10 found to be typical of the members of the Settlement Subclasses they seek to
11 represent.  The claims of the Class Representatives and members of the Settlement
12 Subclasses are based on the same legal theories and arise out of a common set of
13 operative facts.  There being no conflicting or antagonistic interests between them,
14 the Class Representatives are found to be adequate to represent the members of the
15 Settlement Subclasses and are appointed as such for this Settlement.  Finally, the
16 Court finds that counsel for the Plaintiffs ("Class Counsel") is adequate to represent
17 the members of the Settlement Subclasses and appoints Mower, Carreon & Desai,
18 LLP as Class Counsel.

19      3.    Should the Settlement not become final for any reason, the fact that the
20 parties were willing to stipulate to class certification as part of the Settlement shall
21 have no bearing on, nor be admissible in connection with, the issue of whether a
22 class or classes should be certified in a non-settlement context.

23      4.    Pursuant to FRCP 23, the named Plaintiffs, Frank D'Asero, Ezekiel
24 Mohammed, Pouria Safabakhsh, Joseph Cugliari, Jr., Angela Richardson, Brian
25 Johanson, and Brendan Dwyer, are hereby appointed and designated for all
26 purposes under this Order as the Class Representatives of the members of the
27 Settlement Subclasses they represent.  The attorneys of record herein for the named
28 Plaintiffs are hereby appointed and designated as Class Counsel for the members of

4

the Settlement Subclasses. Class Counsel is authorized to act on behalf of the members of the Settlement Subclasses with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any member of the Settlement Subclasses may enter an appearance through counsel of such member's own choosing and at such member's own expense. Any member of the Settlement Subclasses who does not enter an appearance or appear on his or her own behalf will be represented by Class Counsel.

5. The members of the seven Settlement Subclasses are defined as set forth in the Joint Stipulation of Settlement and Release and are summarized as follows:

    A. California Mortgage Banker Opt-Ins employed from April 9, 2004 through the date of preliminary approval of the Settlement.

    B. California Mortgage Bankers employed from January 1, 2008 through the date of preliminary approval of the Settlement.

    C. California Loan Processor, Funder and Underwriter Non-Releasees employed from August 2, 2003 through the date of preliminary approval of the Settlement.

    D. North Carolina Mortgage Banker Non-Releasees employed from April 9, 2005 through the date of preliminary approval of the Settlement.

    E. California Mortgage Banker, Loan Processor, Funder and Underwriter Releasees employed from August 2, 2003 through the date of preliminary approval of the Settlement.

    F. North Carolina Mortgage Banker Releasees employed from April 9, 2005 through the date of preliminary approval of the Settlement.

    G. California Private Attorney General Act (PAGA) Claimants.

6. The Court hereby preliminarily approves the attached Settlement. The Court finds on a preliminary basis that, under the circumstances presented, the Settlement appears to be fair, adequate and within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the relief afforded by the Settlement is fair, adequate, and reasonable as to all potential members of the Settlement Subclasses when balanced against the probable risks of outcome of further litigation relating to liability, damages, and class certification. It further appears that extensive investigation and research has been conducted such that counsel for the parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the action. It further appears that the Settlement was ultimately reached as the result of non-collusive, good faith arm's length negotiations at mediation with the assistance of a professional mediator.

7. The Court hereby preliminarily approves the payment by Defendants of an amount not to exceed $2,500,000.00 (the "Settlement Amount") plus Defendants' portion of payroll taxes, including the employers' FICA, SUTA and SDI contributions. Although the proposed Settlement is on behalf of all Defendants, Home Loan Center, Inc. dba Lending Tree Loans will be exclusively responsible for payment of the Settlement Amount.

8. The Court preliminary approves an award to Class Counsel in the amount of $750,000.00 for reasonable attorneys' fees and an amount not to exceed $50,000.00 for litigation costs and claims administration expenses, these amounts to be deducted from and paid out of the $2,500,000.00 Settlement Amount. The costs and expenses not to exceed $50,000.00 includes all litigation costs incurred to date as well as all costs associated with securing Court approval of the proposed

///

Settlement and dismissal of the litigation and all costs associated with administering the Settlement.

9. The Court preliminarily approves Service Awards in the total amount of $63,000.00 to be paid by Defendants to the Class Representatives pursuant to the Settlement as follows: $10,000.00 for Class Representative Plaintiffs D'Asero, Mohammed, Richardson, Johanson and Dwyer, respectively, and $3,000.00 for Plaintiff Cugliari; these amounts to be deducted from and paid out of the $2,500,000.00 Settlement Amount.

10. The Court preliminarily approves distribution of an amount not to exceed $1,647,000.00 (the "Net Settlement Amount") to members of the foregoing seven Settlement Subclasses based on the following allocation as set forth in the Settlement:

Group A - $73,000.00
Group B - $10,000.00
Group C - $1,000,000.00
Group D - $143,000.00
Group E - $250,000.00
Group F - $21,000.00
Group G - $140,000.00[1]

11. A hearing (the "Final Approval Hearing") shall be held before this Court on Tuesday, March 10, 2009, at 9:00 a.m. for final determination as to all necessary matters concerning the Settlement and including: whether the proposed Settlement of the action on the terms and conditions provided for is fair, adequate, and reasonable and should be finally approved by the Court; whether the Court should finally approve the attorneys' fees and reimbursement of litigation costs and

///

---

[1] Pursuant to the PAGA, California Labor Code § 2699(i), 25% of the $140,000.00 allocated to these claims (or $35,000.00) will be available for distributed to the Class Members and the remaining 75% (or $105,000.00) shall be payable to the California Labor and Workforce Development Agency.

expenses awarded to Class Counsel; and whether the Court should finally approve the Service Awards to the named Plaintiffs/Class Representatives.

12. The Court hereby approves, as to form and content, the proposed Notice of Settlement attached to this Order as Exhibit 2. The Court finds that distribution of the Notice of Settlement substantially in the manner and form set forth in the Settlement meets the requirements of due process under applicable state and federal law and that such Notice of Settlement is the best practicable manner under the circumstances of notifying the members of the Settlement Classes, and shall constitute due and sufficient notice to all persons entitled thereto. The Claims Administrator shall file a sworn statement evidencing compliance with the notice procedures and provisions of the Settlement. The Court also hereby approves, as to form and content, the proposed Claim Form and Exclusion Form attached to this Order as Exhibits 3 and 4.

13. The Court hereby appoints Simpluris, Inc. as the Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed the Notice of Settlement, Claim Form and Exclusion Form to all members of the Settlement Subclasses no later than January 8, 2009 (the "Notice Date") using the procedures set forth in the Settlement, and thereafter to make such further efforts to locate and deliver the notice and forms to members of the Settlement Subclasses as specified in the Settlement.

14. The costs associated with the duties of the Claims Administrator shall be paid as set forth in the Settlement.

15. As specifically referenced in the Settlement, all members of the Settlement Subclasses who do not timely file an Exclusion Form as set forth in the Settlement shall be deemed to be members of their applicable Settlement Subclass. To be valid, Exclusion Forms must be postmarked on or before February 7, 2009.

16. As specifically referenced in the Settlement, valid and timely objections to the Settlement must be filed with the clerk of this Court and

postmarked on or before February 7, 2009 addressed to the Claims Administrator. At the same time, copies must also be mailed to or personally delivered to Class Counsel and counsel for Defendants. This filing and postmark deadline applies notwithstanding any argument regarding non-receipt of the Notice of Settlement. All objections must be in writing and must state with particularity the basis on which they are asserted. Further, if any objector intends to appear at the Final Approval Hearing, either in person or through counsel, he or she must include notice of that fact and state the purpose for his or her appearance in his or her objection as set forth in the Joint Stipulation. The Parties will be permitted to respond in writing to such objections. Members of the Settlement Subclasses who fail to timely file and postmark written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection in writing or in person (whether by appeal or otherwise) to the Settlement.

17. The Court finds that the claims procedures and method for calculating individual payments to Settlement Subclass members as set forth in the Settlement and Notice of Settlement are reasonable and hereby orders that these procedures should be implemented as set forth in the Settlement as a condition for members of the Settlement Subclasses to claim monetary relief from the Settlement.

18. With the exception of the Motion for Final Approval, all papers of a party to the proposed Settlement in support of the Settlement, including responses to objections or comments from members of the Settlement Subclasses, if any, shall be filed with the Court and served on the other parties' counsel no later than five (5) days before the Final Approval Hearing.

19. It is understood that the Settlement is not a concession or admission, and shall not be used against Defendants or any of the released parties as an assertion, admission, or indication of any legally cognizable fault or wrongdoing by Defendants.

20. In the event the Settlement does not become fully and finally effective in accordance with the terms of the Settlement, or the Settlement is not finally approved, or is terminated, canceled, or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement.

21. The Court orders the following schedule of dates for further proceedings:

| Date | Event |
| --- | --- |
| December 24, 2008 | Deadline for Defendants to provide Claims Administrator with "Class List and Data" as defined in the Settlement |
| January 8, 2009 | Deadline for Claims Administrator to mail approved Notice Packets to all members of the Settlement Classes via first-class regular U.S. mail |
| February 7, 2009 | Postmark deadline for members of the Settlement Classes to submit timely Requests for Exclusion from the Settlement |
| February 7, 2009 | Postmark and filing deadline for members of the Settlement Classes to submit timely Objections to the Settlement. |
| February 17, 2009 | Deadline for Plaintiffs to file Motion for Final Approval of Joint Stipulation of Settlement and Release of Class Action |
| February 22, 2009 | Postmark deadline for members of the Settlement Classes to submit timely Claim Forms to the Claims Administrator |
| February 28, 2009 | Deadline for Claims Administrator to provide counsel for the parties with report, information and/or documentation regarding Requests for Exclusion, Objections, and Claim Forms submitted by members of the Settlement Classes |

| Date | Event |
|---|---|
| March 5, 2009 | Deadline for parties to submit additional materials in support of Final Approval of the Settlement, including written responses to any Objections to the Settlement |
| March 10, 2009 | Deadline for Defendants to notify Plaintiffs' counsel of cancellation of the Settlement in the event 10% or more of the Class Members timely opt-out of the Settlement |
| March 10, 2009 | Hearing on Motion for Final Approval of Joint Stipulation of Settlement and release of Class Action |
| March 15, 2009 | Deadline for Defendants to deposit total amount of Individual Settlement Payments with Homestead Escrow |
| March 30, 2009 | Deadline for timely objectors to file notice of appeal from Final Approval Order |
| April 5, 2009 | Deadline for Homestead Escrow to release escrowed Individual Settlement Payments to Claims Administrator for distribution to members of the Settlement Classes (assuming no timely notice of appeal from the Final Approval Order) |
| April 10, 2009 | Deadline for Defendants to deliver or make all other monies necessary to fund the Settlement available to Claims Administrator for distribution (assuming no timely notice of appeal from the Final Approval Order) |
| April 15, 2009 | Deadline for Claims Administrator to distribute Individual Settlement Payments to all members of the Settlement Classes, including Service Awards to Class Representatives (assuming no timely notice of appeal from the Final Approval Order) |

| Date | Event |
|---|---|
| April 15, 2009 | Deadline for Claims Administrator to distribute award of attorneys' fees and litigation costs to Class Counsel (assuming no timely notice of appeal from the Final Approval Order) |
| April 20, 2009 | Parties to submit joint report to the Court regarding final status of Settlement administration and, if Settlement has been fully performed, Plaintiffs to file Request for Dismissal of the Litigation with Prejudice |

22. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement with notice to counsel for all parties but without further notice to the members of the Settlement Subclasses, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED** this 18th day of December 2008.

_____/s/_____

HONORABLE RONALD S.W. LEW
Senior, U.S. District Court Judge