UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK D'ASERO, EZEKIEL MOHAMMED, POURIA SAFABAKHSH, JOSEPH CUGLIARI, JR., ANGELA RICHARDSON, BRIAN JOHANSON and BRENDAN DWYER, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME LOAN CENTER, INC. dba LENDING TREE LOANS, a California corporation, LENDING TREE, LLC, a Delaware limited liability company, LENDING TREE, INC., a Delaware corporation, IAC/INTERACTIVE CORP, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. SACV 08-0384 RSWL (JWJx)<br><br>Judge:     Ronald S. W. Lew<br>Courtroom: 21<br><br>**ORDER:**<br><br>**(1)  CERTIFYING SETTLEMENT CLASSES;**<br>**(2)  FINALLY APPROVING CLASS ACTION SETTLEMENT;**<br>**(3)  AWARDING ATTORNEYS' FEES, COSTS, CLAIMS ADMINISTRATION FEES, AND CLASS REPRESENTATIVE ENHANCEMENTS**<br><br>DATE:     April 15, 2009<br>TIME:     10:00 a.m.<br>COURTROOM: 21 |

///
///
///
///

1

This Order provides Final Approval of the Settlement in the matter of *Frank D'Asero, et al. v. Home Loan Center, Inc., et al.* This action is pending before this Court as a class action pursuant to FRCP 23. Representative Plaintiffs Frank D'Asero, Ezekiel Mohammed, Pouria Safabakhsh, Joseph Cugliari, Jr., Angela Richardson, Brian Johanson, and Brendan Dwyer (collectively "Plaintiffs"), on behalf of themselves and seven subclasses of similarly situated current and former employees of Defendants Home Loan Center, Inc. dba Lending Tree Loans, Lending Tree, LLC, Lending Tree, Inc., and IAC/InterActive Corp. (collectively "Defendants"), have alleged in the above-captioned action that Defendants required or knowingly permitted Plaintiffs and their Mortgage Banker, Loan Processor, Funder and Underwriter employees in California and North Carolina to work substantial overtime hours without properly paying overtime compensation for all such overtime hours; that Defendants failed to afford, enforce, self-police, or affirmatively ensure the taking of lawful and "bona fide" duty-free meal break periods; that Defendants made unlawful and unauthorized deductions from the earned wages of Plaintiffs and the Class Members; that Defendants failed to indemnify the California-based Plaintiffs and Class Members for necessary business-related expenses incurred in the course and scope of their employment; that Defendants failed to pay Plaintiffs and the Class Members all earned overtime compensation, wages for missed meal break periods, and unauthorized deductions from earned wages in a timely manner upon separation of employment; and that Defendants failed to furnish the California-based Plaintiffs and Class Members proper itemized wage statements. Defendants denied these allegations.

The operative Second Amended Complaint in this matter asserts the following claims for relief: (1) failure to pay overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 211(c) and 216(b); (2) failure to pay overtime under California Labor Code §§ 510 and 1194; (3) failure to provide meal breaks under California Labor Code §§ 226.7 and 512; (4) unauthorized wage

deductions and failure to indemnify business expenses under California Labor Code §§ 221, 450, and 2802; (5) unauthorized wage deductions under North Carolina General Statute §§ 95-25.8 and 95-25.22; (6) failure to timely pay wages under California Labor Code §§ 201-203; (7) failure to timely pay wages under North Carolina General Statute §§ 95-25.7 and 95-25.22; (8) failure to provide itemized wage statements under California Labor Code § 226; (9) unfair and unlawful business practices under California Business and Professions Code §§ 17200-17208 ("UCL"); and (10) civil penalties under the California Private Attorney General Act of 2004 ("PAGA"), California Labor Code §§ 2699 *et seq*.  Defendants have denied all allegations and have at all times maintained they complied with all applicable California, North Carolina and federal wage and hour laws.

After engaging in an extended mediation Plaintiffs and Defendants reached a Settlement of the action which was preliminarily approved by this Court.  All of the Court's orders regarding Preliminary Approval appear to have been carried out and the Notice provisions and claims process has been appropriately followed as directed. The parties now apply to this Court for an Order of Final Approval of the Settlement in accordance with the Joint Stipulation of Settlement and Release between Plaintiffs and Defendants which sets forth the terms and conditions for Settlement.  The Joint Stipulation of Settlement and Release ("Settlement") is attached to this Order as Exhibit 1.

Having read and considered the Settlement and the moving papers, including the memorandum of points and authorities in support of the Motion for Final Approval and the Declarations of counsel and the claims administrator submitted therewith, and having heard and considered any oral presentations of counsel for the parties at the hearing on this matter held on April 15, 2009, the Court hereby makes the following Order:

///

///

1. This Order incorporates by reference the definitions in the Settlement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement.

2. The Court hereby certifies the Settlement Subclasses as described in paragraph 1.15 of the Settlement and in this Order for settlement purposes. The Court finds that the Settlement Subclasses meet the ascertainability and numerosity requirements because the members of the Settlement Subclasses are reasonably identifiable through Defendants' business records and the total number of members of the Settlement Subclasses renders their joinder impracticable. The commonality requirement is also met since the members of the Settlement Subclasses have been subjected to the same alleged employment violations, subjected to the same employment practices, and have suffered the same type of alleged harm. The legal and factual issues common to the members of the Settlement Subclasses predominate over individual issues. The claims of the Class Representatives are found to be typical of the members of the Settlement Subclasses they seek to represent. The claims of the Class Representatives and members of the Settlement Subclasses are based on the same legal theories and arise out of a common set of operative facts. There being no conflicting or antagonistic interests between them, the Class Representatives are found to be adequate to represent the members of the Settlement Subclasses and are appointed as such for this Settlement. The Court finds that counsel for the Plaintiffs ("Class Counsel") is adequate to represent the members of the Settlement Subclasses and again confirms the appointment of Mower, Carreon & Desai, LLP as Class Counsel.

3. Pursuant to FRCP 23, the named Plaintiffs, Frank D'Asero, Ezekiel Mohammed, Pouria Safabakhsh, Joseph Cugliari, Jr., Angela Richardson, Brian Johanson, and Brendan Dwyer, are hereby confirmed and designated for all purposes under this Order as the Class Representatives of the members of the Settlement Subclasses they represent. The attorneys of record herein for the named

Plaintiffs are hereby appointed and designated as Class Counsel for the members of the Settlement Subclasses. Class Counsel is authorized to act on behalf of the members of the Settlement Subclasses with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement.

4. The members of the seven Settlement Subclasses are defined as set forth in the Joint Stipulation of Settlement and Release and are summarized as follows:

   A. California Mortgage Banker Opt-Ins employed from April 9, 2004 through the date of preliminary approval of the Settlement.

   B. California Mortgage Bankers employed from January 1, 2008 through the date of preliminary approval of the Settlement.

   C. California Loan Processor, Funder and Underwriter Non-Releasees employed from August 2, 2003 through the date of preliminary approval of the Settlement.

   D. North Carolina Mortgage Banker Non-Releasees employed from April 9, 2005 through the date of preliminary approval of the Settlement.

   E. California Mortgage Banker, Loan Processor, Funder and Underwriter Releasees employed from August 2, 2003 through the date of preliminary approval of the Settlement.

   F. North Carolina Mortgage Banker Releasees employed from April 9, 2005 through the date of preliminary approval of the Settlement.

   G. California Private Attorney General Act (PAGA) Claimants.

5. The Court hereby finally approves the proposed Settlement. The Court finds that, under the circumstances presented, the Settlement appears to be fair, adequate and within the range of reasonableness of a settlement for the stated

claims. It appears to the Court that the relief afforded by the Settlement is fair, adequate, and reasonable as to all potential members of the Settlement Subclasses when balanced against the probable risks of outcome of further litigation relating to liability, damages, and class certification. It further appears that extensive investigation and research has been conducted such that counsel for the parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the action. It further appears that the Settlement was ultimately reached as the result of non-collusive, good faith arm's length negotiations at mediation with the assistance of a professional mediator.

6. The Court hereby approves the payment by Defendants of an amount not to exceed $2,500,000.00 (the "Settlement Amount") plus Defendants' portion of payroll taxes, including the employers' FICA, SUTA and SDI contributions. Although the proposed Settlement is on behalf of all Defendants, Home Loan Center, Inc. dba Lending Tree Loans will be exclusively responsible for payment of the Settlement Amount.

7. The Court approves an award to Class Counsel in the amount of $750,000.00 for reasonable attorneys' fees, and $27,000.00 for reimbursement of litigation costs, these amounts to be deducted from and paid out of the $2,500,000.00 Settlement Amount. The costs and expenses include all litigation costs incurred to date as well as all costs associated with securing Court approval of the settlement.

8. The Court approves aggregate Service Awards to be paid by Defendants to the Class Representatives pursuant to the Settlement as follows: $10,000.00 for Class Representative Plaintiffs D'Asero, Mohammed, Safabakhsh, Richardson, Johanson and Dwyer, respectively, and $3,000.00 for Plaintiff

///

1 | Cugliari; these amounts to be deducted from and paid out of the $2,500,000.00 Settlement Amount.

9. The Court approves payment to Simpluris, Inc. as the claims administrator in the amount of $30,000.00 for claims administration services rendered to the Class, this amount to be deducted from and paid out of the $2,500,000.00 Settlement Amount.

10. After deduction of the aforementioned fees, costs, claims administration fees, and enhancements, the Court approves distribution of the resulting Net Settlement Amount which is in the amount of $1,467,901.83 to members of the foregoing seven Settlement Subclasses based on valid and timely claims submitted by individual class members using the formula designated in the Settlement.

11. The Court hereby directs Simpluris, Inc. as the Claims Administrator, to carry out all distribution of settlement proceeds to the Class, Class Counsel, and the Class Representatives as set forth herein.

12. The scheduling of payments and distributions are finally approved in conformance with those set forth in the Settlement to be administered by the claims administrator as designated in this Order. The following schedule of events shall apply.

| | |
|---|---|
| April 20, 2009 | Deadline for Defendants to deposit total amount of approved Settlement Payments with Homestead Escrow for distribution by the claims administrator, Simpluris, Inc. |
| May 5, 2009 | Deadline for timely objectors to file notice of appeal from Final Approval Order |

| May 11, 2009 | Deadline for Homestead Escrow to release escrowed Individual Settlement Payments to Claims Administrator for distribution (assuming no timely notice of appeal from the Final Approval Order) |
|---|---|
| May 15, 2009 | Deadline for Claims Administrator to distribute Individual Settlement Payments to all members of the Settlement Classes, including Service Awards to Class Representatives, attorneys fees to Class Counsel, and cost reimbursement (assuming no timely notice of appeal from the Final Approval Order) |
| June 1, 2009 | Parties to submit joint report to the Court regarding final status of Settlement administration and, if Settlement has been fully performed, Plaintiffs to file Request for Dismissal of the Litigation with Prejudice. |

13. The Court finds that distribution of Notice directed to the class as set forth in the Court's Order Preliminarily Approving the Settlement, and other matters of claims administration set forth therein, have been completed in conformity with the Court's Order. The Notice provided due and adequate notice of and information concerning the proceedings and of the matters set forth therein, and satisfied the requirements of due process. No plaintiff class members objected to the Settlement, and the Court notes that the Settlement achieved a very high level of class-wide acceptance as evidenced by the high claims rate wherein approximately 90% of all available settlement funds were allocated for payment.

14. As of the effective date of this final approval Plaintiffs and all class members other than those filing timely opt-outs shall be deemed to have, by operation of this Order, expressly released all claims under California and federal law that were asserted, could have been asserted, or were related to the allegations

1  contained in the Plaintiffs' operative complaint in this action all in conformance
2  with the expressed terms of the Settlement Agreement which has been finally
3  approved by this Order.

5  **IT IS SO ORDERED** this 17th day of April, 2009.

*/s/ Ronald S.W. Lew*

HONORABLE RONALD S.W. LEW
SENIOR, U.S. DISTRICT COURT JUDGE